Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022

Attorneys for Adam Jachimiec

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Adam Jachimiec**<br><br>                    Plaintiff,<br><br>v.<br><br>**Regent Asset Management Solutions N.A.; U.S. Bancorp, a/k/a U.S. Bank**<br><br>                    Defendants. | Case Number: 09 CV 2170 BTM (NLS)<br><br>**Memorandum of Points and Authorities in Support of Plaintiff's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 as to Defendant Regent Asset Management Solutions N.A.**<br><br>Date: 12/17/10<br>Time: 11:00 AM<br><br>Judge: Hon. Barry Ted Moskowitz<br><br>Pursuant to Chambers Order, There Will Be No Oral Argument Unless Requested By The Court |

**HYDE & SWIGART**
San Diego, California

# I.   INTRODUCTION

## A.   FACTUAL BACKGROUND

Corporal Adam Jachimiec is a member of the United States Marine Corps, and was a Marine at all relevant times as that issue affects this motion.[1]  Defendant Regent Asset Management Solutions N.A. (Regent) is a debt collector located in Denver, Colorado.[2]  Defendant U.S. Bank is out of Minnesota.

Prior to June 26, 2006, Corporal Jachimiec had a bank account with Defendant U.S. Bank.[3]   On or about June 26, 2006, the Marine Corps advised Corporal Jachimiec that he was about to be deployed to Iraq.[4]  With that in mind, he contacted U.S. Bank and took most of his money out of his U.S. Bank account, leaving a balance of $2.32.  Corporal Jachimiec left for a tour in Iraq.[5]

Subsequently, on or about December 29, 2006, U.S. Bank mailed a letter to Corporal Jachimiec at his California address, an address U.S. Bank knew or should have known was no longer where Corporal Jachimiec lived.   Naturally, this letter was undeliverable and was subsequently returned by the Post Office.   U.S. Bank then charged Corporal Jachimiec a $5.00 "Returned Statement Fee," but, of course, Corporal Jachimiec had no knowledge of this - he was serving his country in Iraq.[6]  Since his bank account had only $2.32 in it, U.S. Bank's $5.00 fee caused Corporal Jachimiec's account to go into overdraft status by by $2.68.[7]  U.S. Bank then began

---

[1] Decl. Adam Jachimiec, ¶ 4.

[2] See Plaintiff's Exhibit D, ¶¶ 5-6.

[3] Decl. Adam Jachimiec, ¶ 5; See also,  See also, Plaintiff's Exhibit C, Initial Disclosures by U.S. Bank; See also, Plaintiff's Exhibit A.

[4] Decl. Adam Jachimiec, ¶ 7.

[5] Id., ¶ 8.

[6] Id., ¶¶ 8 and 9; See also, Plaintiff's Exhibit A.

[7] Plaintiff's Exhibit B.

HYDE & SWIGART
San Diego, California

to inundate Corporal Jachimiec with charge after charge after charge.[8]   U.S. Bank subsequently escalated this $2.68 into a windfall through the same charges that banks are notorious for, and for which Congress recently tried to remedy.[9]

On January 4, 2007, U.S. Bank charged Corporal Jachimiec a "continuous overdraft fee" of $28.00 and continued to do so, regularly.[10]   These "continuous overdraft fees" were always generated by U.S. Bank - Corporal Jachimiec was not using the account.   The next day U.S. Bank charged him another "continuous overdraft fee" of $7.00.[11]   He was charged another "continuous overdraft fee" on January 8, as well.[12]   This January 8 fee was another $21.00 because U.S. Bank wanted their fees for the weekend as well.

This activity by U.S. Bank continued every day, for months, without U.S. Bank ever questioning its propriety, and without Corporal Jachimiec's knowledge.[13] Each day U.S. Bank charged Corporal Jachimiec a $7.00 fee because U.S. Bank's negligence and barrage of frivolous fees caused the account to appear to be negative by $2.68.  Then one day, after determining that Corporal Jachimiec now owed over $800.00 in "fees," U.S. Bank turned their windfall over to a debt collector, Regent.[14]

On June 26, 2009, Defendant Regent, as a debt collector for Defendant U.S. Bank, telephoned Corporal Jachimiec, who had now returned from the middle east,

_____

[8] Plaintiff's Exhibit C, Initial Disclosures by U.S. Bank; See also, Plaintiff's Exhibit A.

[9] Id.

[10] Id.

[11] Id.

[12] Id.

[13] Id.

[14] See Plaintiff's Exhibit D, ¶ 9.

and demanded payment of the alleged debt.[15]    This call was in the form of a voicemail, and was a general automated message that repeated itself four times. Using an automated message to a cellular telephone violates the Telephone Consumer Protection Act (47 U.S.C. § 227) (TCPA).    After calling Corporal Jachimiec, Regent failed to provide Corporal Jachimiec with the notices required under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and California's Rosenthal Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").[16]

It was now that Corporal Jachimiec first became aware that U.S. Bank was claiming he owed them money.[17]    Regent continued to make these illegal calls on July 13, 2009,[18] on July 31, 2009,[19] and again on August 7, 2009.[20]

On or about August 13, 2009, Corporal Jachimiec's attorney from the U.S. Navy's Judge Advocate General's office sent Regent a letter which advised Regent that Corporal Jachimiec wished Regent to cease further communication with the Plaintiff in a manner consistent with the requirements pursuant to 15 U.S.C. § 1692c(c).[21]    The attorney for Corporal Jachimiec advised Regent, by written notice, that Plaintiff was represented by legal counsel with respect to this alleged consumer

---

[15]  See Plaintiff's Exhibit E, Bate 000005, item 167 - 172. (Call #1.); See also, Decl. Adam Jachimiec, ¶ 10; See also Plaintiff's Exhibit D, ¶ 12.

[16] See Plaintiff's Exhibit D, ¶ 13.; See also, Decl. Adam Jachimiec, ¶ 11.

[17] Decl. Adam Jachimiec, ¶ 12; See also Plaintiff's Exhibit D, ¶¶ 9-14.

[18]  See Plaintiff's Exhibit E, Bate 000007, item 75 & 77. (Call #2.); See also Decl. Adam Jachimiec, ¶ 13; See also Plaintiff's Exhibit D, ¶ 17.

[19] See Plaintiff's Exhibit E, Bate 000010, item 25. (Call #3.); See also Decl. Adam Jachimiec, ¶ 13.

[20] See Plaintiff's Exhibit E, Bate 000012, item 104 - 106 and 110. (Call #4.); See also Decl. Adam Jachimiec, ¶ 13; See also Plaintiff's Exhibit D, ¶ 20.

[21] See Plaintiff's Exhibit D, ¶ ¶ 26-27; See also Decl. Adam Jachimiec, ¶ 14.; See also, Plaintiff's Exhibit B.

debt.[22]   This written notice included counsel's name and address and a request that all communications regarding any consumer debt be addressed to counsel, consistent with Cal. Civ. Code § 1788.14(c) and 15 U.S.C. §1692c(a)(2).[23]

Ignoring this letter, on or about August 19, 2009, again in violation of the TCPA, Regent telephoned Plaintiff in an attempt to collect the alleged debt for Defendant U.S. Bank after Defendant Regent was notified in writing that Defendant Regent was to cease further communication, and that Plaintiff had retained an attorney with respect to the alleged debt.[24]

On or about August 20, 2009, Defendant Regent again telephoned Corporal Jachimiec in an attempt to collect the alleged debt.[25]   On numerous other occasions thereafter, Regent telephoned Corporal Jachimiec on his cellular telephone, each time demanding payment of this alleged debt, each time using an "automatic telephone dialing system," each time using an artificial or prerecorded voice, and each time violating the TCPA, the Rosenthal Act, and the FDCPA.[26]   These dates included August 24, 2009,[27] and August 27, 2009.[28]   The total number of calls made to Corporal Jachimiec by Regent using an automated dialer and/or automated messages is unknown for certain as many times Regents machine merely hung up the line.  However, Corporal Jachimiec's cellular telephone records establish a total of eight calls in which Regent used an automated dialer to call Corporal Jachimiec's

HYDE & SWIGART
San Diego, California

_____

[22] Id.

[23] Id.

[24] Decl. Adam Jachimiec, ¶ 15.  See also Plaintiff's Exhibit E, Bate 000013, item 199 and 200. (Call #5.)

[25] Decl. Adam Jachimiec, ¶ 16.  See also Plaintiff's Exhibit E, Bate 000013, item 203. (Call #6.); See Plaintiff's Exhibit D.

[26] Decl. Adam Jachimiec, ¶ 17; See Plaintiff's Exhibit D.

[27] See Plaintiff's Exhibit E, Bate 000014, item 243. (Call #7.); See Plaintiff's Exhibit D.

[28] See Plaintiff's Exhibit E, Bate 000014, item 264. (Call #8.); See Plaintiff's Exhibit D.

1  cellular telephone and left automated messages.[29]

2  **B.   THE ADMISSIONS SUBMITTED TO REGENT ARE DEEMED ADMITTED**

3  Despite being warned four times, Regent has never responded to Corporal

4  Jachimiec's Request for Admissions.[30]  Pursuant to Fed. R. Civ. P. 36(a)(3) a matter

5  is deemed admitted unless, within 30 days after being served, the party to whom the

6  request is directed serves on the requesting party a written answer or objection..."

7  When a party completely fails to provide responses to requests for admissions, **the**

8  **admissions are automatically deemed admitted**. (emphasis added).     See

9  *Switchmusic.com, Inc. v. U.S. Music Corp.*, 416 F. Supp 2d 812, 817 (C.D. Cal.

10  2006); *Walsh v. McCain Food Ltd.*, 81 F.3d 722, 726 (7th Cir. 1996).

11  Defendant has failed to serve any type of response to Plaintiff's Requests for

12  Admissions in a timely manner, even after being warned four times by plaintiff's

13  counsel that Regent was waiving its right to respond.[31]   Plaintiff's Requests for

14  Admissions must be deemed admitted.

15  Regent has now admitted that it made these calls to Corporal Jachimiec's

16  cellular telephone using automated messages and an automated dialer, and that it

17  did not have express consent to do so.[32]   Regent has also admitted that it failed to

18  provide the notices required by the FDCPA and California's Rosenthal Act.[33]

19  Finally, Regent has admitted that it continued to contact Corporal Jachimiec after it

20  was aware that Corporal Jachimiec was represented by counsel.[34]

21

_____

22  [29] See Plaintiff's Exhibit E, Bate 000005, item 167, Bate 000007, item 75, Bate 000010, item 25,
     Bate 000012, item 104, Bate 000013, item 199, Bate 000013, item 203, Bate 000014, item 243,
23   and Bate 000014, item 264; See Plaintiff's Exhibit D.

24  [30] Declaration of Joshua B. Swigart, ¶ 4.

25  [31] Declaration of Joshua B. Swigart, ¶ 4; See Plaintiff's Exhibits F, G, and H.

26  [32] See Plaintiff's Exhibit D, ¶¶ 12 - 25.

27  [33] See Plaintiff's Exhibit D, ¶ 13.

28  [34] Id., ¶¶ 26-27.

HYDE & SWIGART
San Diego, California

1  Their are now no genuine disputed issues of material fact in this matter, and

2  the evidence establishes, as a matter of law, that Defendant Regent is liable under

3  the TCPA, the FDCPA, and California's Rosenthal Act.

4  **II.   LEGAL STANDARD UNDER FED. R. CIV. P. 56**

5  Summary judgment is proper "if the pleadings, depositions, answers to

6  interrogatories, and admissions on file, together with the affidavits, if any, show

7  that there is no genuine issue as to any material fact and that the moving party is

8  entitled to a judgment as a matter of law." *Fed. R. Civ. P. 56(c)*.  The moving party

9  bears the initial burden of demonstrating the absence of a genuine issue of material

10  fact. *See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)*.   The moving party,

11  however, has no burden to negate or disprove matters on which the non-moving

12  party will have the burden of proof at trial.   The moving party need only point out

13  to the Court that there is an absence of evidence to support the non-moving party's

14  case.  *See id. at 325*.  The burden then shifts to the non-moving party to "designate

15  'specific facts showing that there is a genuine issue for trial.'" *Id. at 324* (quoting

16  *Fed. R. Civ. P. 56(e)*). To carry this burden, the non-moving party must "do more

17  than simply show that there is some metaphysical doubt as to the material facts."

18  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)*.

19  "The mere existence of a scintilla of evidence . . . will be insufficient; there must be

20  evidence on which the jury could reasonably find for the [non-moving party]."

21  *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)*.  In deciding a motion for

22  summary judgment, the evidence is viewed in the light most favorable to the non-

23  moving party, and all justifiable inferences are to be drawn in its favor. *Id. at 255*.

24  "Credibility determinations, the weighing of the evidence, and the drawing of

25  legitimate inferences from the facts are jury functions, not those of a judge whether

26  is ruling on a motion for summary judgment." *Id.*

27

28

HYDE & SWIGART
San Diego, California

1  **III.**  **ARGUMENT**

2  **A.**  **DEFENDANT REGENT'S ACTIONS HERE VIOLATED THE TCPA, AND**

3  **CONSEQUENTLY, REGENT IS LIABLE TO CORPORAL JACHIMIEC.**

4  The TCPA provides that:

5

6  > It shall be unlawful for any person … to make any call (other
   > than a call made for emergency purposes or made with the prior
7  > express consent of the called party) using any automatic
   > telephone dialing system or an artificial or prerecorded voice …
8  > to any telephone number assigned to a paging service, cellular
   > telephone service, specialized mobile radio service, or other
9  > radio common carrier service, or any service for which the
10 > called party is charged for the call….

11

12 47 U.S.C. § 227(b)(1)(A)(iii).  See also, *Satterfield v. Simon & Schuster, Inc.,* 569 F.

13 *3d 946, 950 (9th Cir. Cal. 2009).*

14 Here Defendant Regent telephoned him on his cellular telephone eight times

15 using an automated dialer and/or an artificial or prerecorded voice, all in violation

16 of the TCPA.[35]  These violations are undisputed.[36]

17 Consequently, Defendant Regent is liable to Corporal Jachimiec for damages

18 pursuant to the TCPA.

19 **B.**  **DEFENDANT REGENT'S ACTIONS HERE VIOLATED THE FDCPA, AND**

20 **CONSEQUENTLY, REGENT IS LIABLE TO CORPORAL JACHIMIEC.**

21 On or about August 13, 2009, Corporal Jachimiec's attorney from the U.S.

22 Navy's Judge Advocate General's office sent Regent a letter which advised Regent

23 that Corporal Jachimiec wished Regent to cease further communication with the

24 Plaintiff in a manner consistent with the requirements pursuant to 15 U.S.C. §

25 _____

26 [35] See Plaintiff's Exhibit E, Bate 000005, item 167, Bate 000007, item 75, Bate 000010, item 25,
   Bate 000012, item 104, Bate 000013, item 199, Bate 000013, item 203, Bate 000014, item 243,
27 and Bate 000014, item 264; See Plaintiff's Exhibit D.

28 [36] See Plaintiff's Request for Admissions that are now deemed admitted.

HYDE & SWIGART
San Diego, California

1692c(c).[37]  The attorney for Corporal Jachimiec advised Regent, by written notice, that Plaintiff was represented by legal counsel with respect to this alleged consumer debt.[38]  This written notice included counsel's name and address and a request that all communications regarding any consumer debt be addressed to counsel, consistent with Cal. Civ. Code § 1788.14(c) and 15 U.S.C. §1692c(a)(2).[39]

Subsequently, Regent contacted Corporal Jachimiec several times in an attempt to collect the alleged debt after Regent had been notified that Plaintiff had retained an attorney, thereby violating Cal. Civ. Code § 1788.14(c) and 15 U.S.C. §1692c(a)(2).

C.  **DEFENDANT REGENT'S ACTIONS HERE VIOLATED CALIFORNIA'S ROSENTHAL ACT, AND CONSEQUENTLY, REGENT IS LIABLE TO CORPORAL JACHIMIEC.**

The Rosenthal Act incorporates the FDCPA by reference, by requiring compliance with the substantive provisions of the FDCPA.  *Dupuy v. Weltman*, 442 F. Supp. 2d 822, 825 fn. 1 (N.D. Cal. 2006); see also *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541; citing *Daniel Edstrom v. All Services and Processing*, 2005 U.S. Dist. LEXIS 2773, 2005 WL 645920 (N.D.Cal. February, 2005), (California has incorporated by reference the text of certain federal provisions into the [Rosenthal Act], rather than copying them verbatim into the California code.) See also, *Mejia v. Marauder Corp.*, 2007 U.S. Dist. LEXIS 21313 (N.D. Cal. 2007) and *Alkan v. Citimortgage, Inc.*, 336 F. Supp. 2d 1061 (N.D. Cal. 2004).  In summary, "The Rosenthal Act establishes liability under California law for violations of the FDCPA."  *Sial v. Unifund CCR Partners*, 2008 U.S. Dist. LEXIS 66666 (S.D. Cal. Aug. 28, 2008).  Because Regent violated Cal. Civ. Code § 1788.14(c) and 15 U.S.C. §1692c(a)(2). It also violated California's Rosenthal Act.

---

[37] See Plaintiff's Exhibit B; See also, Decl. Adam Jachimiec, ¶ 15.

[38] Id.

[39] Id.

**IV.   CONCLUSION**

Regent admits that it failed to provide Corporal Jachimiec with the requisite notices under the FDCPA and California's Rosenthal Act.  Regent further admits it contacted Corporal Jachimiec after it was aware that Corporal Jachimiec had retained legal counsel.   Both of the acts or omissions violate the FDCPA and California's Rosenthal Act, both of which are strict liability statutes.[40]

Because Regent violated the FDCPA, Corporal Jachimiec is entitled to an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A). Because Regent further violated California's Rosenthal Act as it incorporates the FDCPA pursuant to Cal. Civ. Code § 1788.17, Corporal Jachimiec is entitled to an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b).

Regent also admits, and other evidence establishes, that Regent made eight calls to Corporal Jachimiec's cellular telephone, and that Regent used an automated dialer to call Corporal Jachimiec's cellular telephone and left automated messages. Consequently, Corporal Jachimiec is entitled to an award of $500 per call, at a minimum, pursuant to the TCPA.  *Murphey v. Lanier*, 997 F. Supp. 1348, 1350 (S.D. Cal. 1998).  However, it is clear that the use of automated messages is a part of Regent's business as a debt collector, and that these calls were willful and knowing.  Consequently, Corporal Jachimiec is entitled to three times this figure, or an award of $1,500 per call.[41]

---

[40] "[T]he FDCPA is a strict liability statute in that a plaintiff need not prove an error was intentional."  *Reichert v. National Credit Systems, Inc.* 531 F.3d 1002, 1004 (9th Cir, 2008) ("After the district court ruling, and after this appeal was briefed, our court decided [*Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162 (9th Cir. 2006)], which made clear that the FDCPA is a strict liability statute in that a plaintiff need not prove an error was intentional.") California's Rosenthal Act is also strict liability.  *Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069 (E.D. Cal. 2007), fn 7.

[41] "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph."  See 47 U.S.C. § 227(b)(3).

HYDE & SWIGART
San Diego, California

1        Consequently, Corporal Jachimiec requests he be awarded $1,000 pursuant to

2  to the FDCPA, $1,000 pursuant to California's Rosenthal Act, and $12,000 pursuant

3  to the TCPA, for a total award of $14,000.

4

5                                           **Hyde & Swigart**

6

7  Date: October 22, 2010              By: /s/ Robert L. Hyde

8                                       Robert L. Hyde
                                              Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HYDE & SWIGART**
San Diego, California