# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JACHIMIEC,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>REGENT ASSET MANAGEMENT SOLUTIONS, N.A., et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 09CV2170-BTM (NLS)<br><br>**ORDER RE MOTION FOR SUMMARY JUDGMENT** |

Plaintiff moves for summary judgment against Defendant Regent Asset Management Solutions, N.A. ("Regent"). For the reasons that follow, this motion is **GRANTED** in part and **DENIED** in part.

Regent has failed to file an opposition to this motion. Additionally, Regent has not responded to Plaintiff's Request for Admissions that were served on March 16, 2010. (Pl. Ex. D) Pursuant to Fed. R. Civ. P. 36(a)(3), Regent's failure to respond results in the automatic admission of the matters requested. *See Doctors Med. Ctr. of Modesto, Inc. v. Principal Life Ins. Co.*, No. 1:10-cv-00452-LJO-SKO, 2011 U.S. Dist. LEXIS 26885, at *4-5 (E.D. Cal. Mar. 2, 2011).

## I. BACKGROUND

Prior to being deployed to Iraq as a member of the United States Marine Corp, Plaintiff withdrew most of his money from a checking account with U.S. Bank. (Compl. ¶ 19) Plaintiff alleges that during his deployment, U.S. Bank mailed a letter to the wrong address that was

returned as undeliverable.  (Compl. ¶ 20) Plaintiff asserts that he was charged a $5.00 "returned statement fee," which caused his account to go into overdraft status.   (Compl. ¶ 22)  U.S. Bank then began to charge "continuous overdraft fees," which eventually totaled over $800.  (Compl. ¶ 24)

Plaintiff alleges that on June 26, 2009, July 13, 2009, July 31, 2009, and August 7, 2009, Regent, as debt collector for U.S. Bank, contacted Plaintiff's cellular telephone with automated messages demanding payment of this alleged debt.  *See* Pl. Ex. E.  On or about August 13, 2009, Plaintiff's counsel sent Regent a letter advising Regent that Plaintiff wished Regent to cease further communication with Plaintiff and requesting that all communications regarding any consumer debt be addressed to counsel.  (Pl. Ex. B)  Plaintiff alleges that Regent ignored this letter and provides telephone records that indicate that Regent made four additional calls to Plaintiff after August 13, 2009.  *See* Pl. Ex. E.

## II. DISCUSSION

**A. TCPA**

The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, makes it unlawful for:

> any person within the United States, or any person outside the United States if the recipient is within the United States—
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice – . . .
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]

Debt collectors who make auto-dialed or prerecorded calls to a wireless number are subject to this prohibition.  *See Robinson v. Midland Funding, LLC*, No. 10cv2261 MMA(AJ), U.S. Dist. LEXIS 40107, at *13-14 (S.D. Cal. Apr. 13, 2011).

Plaintiff alleges that Regent telephoned him on his cellular telephone eight times using an automated dialer and/or an artificial or prerecorded voice, all in violation of the TCPA. These allegations are undisputed.  Plaintiff is entitled to summary judgment on his claim that Regent violated the TCPA.

**B. FDCPA**

The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692c, provides:

> (a) Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt– . . .
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address[.]

Additionally, this act states that subject to certain exceptions not applicable here, "If a consumer notifies a debt collector in writing. . . that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt." § 1692c(c).

Here, Plaintiff's counsel informed Regent, in writing, that she represents Plaintiff in connection with the alleged debt and that all further communications should be directed to counsel and not to Plaintiff. (Pl. Ex. B)  Regent's subsequent attempts to collect the alleged debt are in violation of the FDCPA.  Plaintiff is entitled to summary judgment on his claim that Regent violated § 1692c(a)(2) and § 1692c(c) of the FDCPA.

**C. RFDCPA**

Plaintiff asserts that Regent's violation of the FDCPA directs the conclusion that it also violated the Rosenthal Fair Debt Collection Practices Act ("RFDCPA").  The Court disagrees. Although it is correct that generally, violations of the FDCPA are actionable under the RFDCPA, *see Sial v. Unifund CCR Partners*, No. 08 CV 0905 JM (CAB),  2008 U.S. Dist. LEXIS 66666, at *4-5 (S.D. Cal. Aug. 28, 2008), this Court has rejected the view that the FDCPA "mirrors" the RFDCPA. *See Selby v. Bank of Am., Inc.*, No. 09cv2079 BTM(JMA), 2010 U.S. Dist. LEXIS 139966, at *18 (S.D. Cal. Oct. 27, 2010).

Despite the broad overlap in the federal and state statutory schemes, the definition of "consumer debt" is narrower under California law.  *See Charles v. Lundgren & Assocs., P.C.*, 119 F.3d 739, 741-742 (9th Cir. 1997).  Unlike the FDCPA, the RFDCPA only applies to transactions "in which property, services or money is acquired on credit . . . for personal, family, or household purposes."  Cal. Civ. Code § 1788.2(e); *c.f.* § 1788.14; § 1788.17.

Here, Plaintiff's alleged debt arose from a "continuous overdraft fee" on Plaintiff's checking account – and not from a credit transaction as required by the RFDCPA. Because Plaintiff has failed to allege a consumer credit transaction within the meaning of § 1788.2(e), Plaintiff's RFDCPA claims fail. *See Abels v. JBC Legal Group, P.C.*, 428 F. Supp. 2d 1023, 1027 (N.D. Cal. 2005).

### III. CONCLUSION

Summary judgment is **GRANTED** as to Plaintiff's claims under the TCPA and FDCPA. Summary judgment is **DENIED** as to Plaintiff's claims under the RFDCPA.

**IT IS SO ORDERED.**

DATED: May 26, 2011

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge